

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EMR:ANR/GB                                        *271 Cadman Plaza East*
F. # 2025R00355                                  *Brooklyn, New York 11201*

December 2, 2025

By E-mail and ECF

Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

            Re:    United States v. Bermudez et al.
                   Criminal Docket No. 25-361 (PKC)

Dear Judge Pollak:

            The government respectfully submits this letter to request a permanent order of
detention with respect to the defendants HECTOR BERMUDEZ, also known as "Fiasco,"
"Rogue," and "Diablo," DAVID BRILHANTE, also known as "Knight" and "CS:GO,"
ZACHARY DOSCH, also known as "Moist Nigerian," CAMDEN RODRIGUEZ, also known as
"oHare" and "carroteater," and RUMALDO VALDEZ, also known as "Duck."[1]  As further
described below, the defendants pose a significant danger to the community and are flight risks,
and no condition or combination of conditions can reasonably assure their appearances or the
safety of the community.

I.    Legal Standard

            The defendants are charged by indictment with ten counts collectively.  All
defendants are charged with one count of engaging in a child exploitation enterprise, in violation
of Title 18, United States Code, Section 2252A(g); one count of conspiracy to sexually exploit
children, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e); and one
count of conspiracy to receive and distribute child pornography, in violation of Title 18, United

---

[1] Bermudez was arrested and will be arraigned in the Eastern District of New York.
Valdez is currently in custody pending sentencing in the District of Hawaii.  The government
anticipated he will not be transferred to the Eastern District of New York until he is sentenced on
that matter.  Fed. R. Crim. P. 5.  The remaining defendants are expected to receive Rule 5
hearings in their respective arrest jurisdictions.  The government is filing an omnibus detention
request for efficiency given the commonality of the evidence.

States Code, Sections 2252(a)(2) and 2252(b)(1).  The below chart sets forth the additional crimes each defendant has been charged with:

| DEFENDANT | CHARGES |
|---|---|
| Hector Bermudez | • Two counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and 2251(e); <br>• One count of distribution of child pornography, in violation of 18 U.S.C. § Code, Sections 2252(a)(2) and 2252(b)(1); <br>• Three counts of access with intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2); and <br>• One count of conspiracy to communicate interstate threats, in violation of 18 U.S.C. § 875(d) |
| Zachary Dosch | • Two counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and 2251(e); <br>• One count of distribution of child pornography, in violation of 18 U.S.C. § Code, Sections 2252(a)(2) and 2252(b)(1); <br>• Two counts of access with intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2); and <br>• One count of conspiracy to communicate interstate threats, in violation of 18 U.S.C. § 875(d) |
| Camden Rodriguez | • One count of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and 2251(e); <br>• One count of distribution of child pornography, in violation of 18 U.S.C. § Code, Sections 2252(a)(2) and 2252(b)(1); <br>• Two counts of access with intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2); and <br>• One count of conspiracy to communicate interstate threats, in violation of 18 U.S.C. § 875(d) |
| Rumaldo Valdez | • Two counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and 2251(e); <br>• One count of distribution of child pornography, in violation of 18 U.S.C. § Code, Sections 2252(a)(2) and 2252(b)(1); <br>• Three counts of access with intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2); and <br>• One count of conspiracy to communicate interstate threats, in violation of 18 U.S.C. § 875(d) |

The conspiracies to produce, distribute, and receive child pornography, as well as multiple other child exploitation related counts, carry a statutory presumption under 18 U.S.C. § 3142(e)(3) that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 U.S.C. § 3142(e)(3)(E) (presumption for offenses involving minor victims under 18 U.S.C. §§ 2251 and 2252(a)(2)).

To rebut this statutory presumption, the defendants must come "forward with evidence that they do not pose a danger to the community or a risk of flight." United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam). If this limited burden of production is satisfied, the government retains the burden of persuasion by clear and convincing evidence that the defendants present a danger to the community and by a preponderance of evidence that the defendants present a risk of flight. Id.

To determine whether the presumptions of dangerousness and flight are rebutted by a defendant, the Court must consider:

(1)    the nature and circumstances of the crime charged;
(2)    the weight of the evidence against the defendant;
(3)    the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history and past conduct; and
(4)    the nature and seriousness of the danger to the community or to an individual that would be posed by release.

18 U.S.C. § 3142(g). Once a defendant has met his burden of production relating to danger to the community and risk of flight, the presumption in favor of detention does not disappear entirely but remains a factor for the court to consider. Mercedes, 254 F.3d at 436.

## II.    The Defendants' Abuse of Children

Greggy's Cult[2] was an Internet-based group that the defendants operated between 2019 and 2021 throughout the United States. The defendants engaged in coordinated exploitation minor victims across the country by, among other things, inducing them to produce child pornography. Greggy's Cult operated on a series of related Discord servers (collectively the "Target Server"). The defendants and other members of Greggy's Cult found victims on Discord servers or on gaming platforms such as Roblox and Counter-Strike: Global Offensive. On the Target Server, the defendants prolifically trafficked child pornography, sexually exploited minors and communicated interstate threats, including towards both minor and adult victims. For example, the defendants and other members of Greggy's Cult convened on the Target Server and then directed minor victims, who had joined a live video call on either Discord or another video conferencing platform, to engage in sexually explicit or other degrading conduct. The defendants then captured "screenshots" or "screen recordings" of the sexually explicit conduct

---

[2] "Greggy's Cult" is a precursor to "764," another online group that engaged in sadistic sexual exploitation and victimization of minors, including through the creation and distribution of child pornography.

and shared it on other channels on the Target Server, to other Discord servers and amongst themselves. Members of Greggy's Cult pressured minor victims to masturbate by inserting household objects into their genitals or anus and several minor victims compiled with these demands.

In addition to the production of child pornography, the defendants also engaged in other forms of exploitation and harassment of both minor and adult victims. The defendants coerced, induced, and directed victims to engage in acts of degradation, including creating videos begging for forgiveness or professing the victim is "owned" by a member of Greggy's Cult to demonstrate loyalty to the Greggy's Cult member or group. Additionally, the defendants caused victims to write the names of Greggy's Cult members on their bodies or on a handwritten sign, which activity is referred to by members of the Enterprise as "fansigning." The defendants also demonstrated a callous disregard for human life when they encouraged multiple victims to end their own lives. For example, the defendants encouraged a minor victim to overdose on medication or hang himself/herself from a ceiling fan. The youngest identified victim of Greggy's Cult was 11 years old at the time of the abuse.

III.  The Court Should Enter a Permanent Order of Detention

The nature and circumstances of the charged crimes and the weight of the evidence strongly support detention. The defendants are charged with ten counts, nine of which involve the most serious federal crimes involving the repeated sexual exploitation of children, including at least one pre-pubescent minor. These offenses demonstrate a deliberate willingness to target vulnerable children, use deceptive and coercive tactics, and exploit technology to commit harm that is permanent, wide-reaching, and irrevocable. The nature of the charged conduct places this case squarely within the set of offenses for which pretrial detention is not merely permitted but strongly favored. Indeed, congress has expressly determined that defendants charged with these offenses pose a heightened danger to the community and therefore created a rebuttable presumption of detention. See § 3142(e)(3)(E). Accordingly, the defendants bear the initial burden of showing that they are not a danger to the community or a flight risk. For the reasons set forth below, the defendants cannot sustain that burden.

A.  The Defendants Pose a Danger to the Community

The defendants pose an acute and ongoing danger to children and should be detained pending trial. The defendants have repeatedly exploited children and their conduct demonstrates a uniquely dangerous disregard for the safety and vulnerability of minors, which creates an acute risk of continued harm if released. The defendants persisted in their crimes even after they were put on notice of the minor victims' ages by the victims, comments from other Discord users, or discussion amongst themselves. In fact, in some instances after they learned of a minor victim's age, the defendants expressed excitement that they were producing child pornography and encouraged members of the group to capture and share screenshots or screen recordings of the live sexual exploitation that they could share amongst themselves or with other members of Greggy's Cult.

Child exploitation crimes like these often encompass predatory behavior, sophisticated methods of grooming or concealment, and a willingness to target those least able to

4

protect themselves. These factors indicate both a serious danger to the community and a high likelihood of recidivism, concerns that cannot reliably be mitigated by supervision or conditions of release. Indeed, the defendants used various aliases, Discord user and display names, email and other social media accounts to make it difficult for law enforcement to uncover their true identities. Because the defendants enjoyed anonymity for years, they were able to persist in their conduct even after Discord repeatedly removed their accounts or the Target Server from the platform; on those occasions, the defendants used variations of their aliases to continue to engage in their criminal content. For these reasons, pretrial detention is necessary to ensure the safety of children, including the nine identified minor victims that the defendants brazenly preyed on for years.

Moreover, the evidence in this case is overwhelming. It includes statements from multiple minor and adult victims, social media records, IP addresses, email accounts, as well as material obtained from Dosch and Valdez's electronic devices and homes which include dozens of videos of images of the sexual exploitation of children that unequivocally establish the defendants' guilt.

Finally, some of the defendants also appear to be continuing to engage in the sexual exploitation of children. For example, the National Center for Missing and Exploited Children ("NCMEC")[3] provided reports called "CyberTips" from in or about June 2025 which indicate that Bermudez continues to use Discord to solicit CSAM and groom at least two minors to create CSAM even though Greggy's Cult has likely disbanded and the Target Server has been removed from Discord. The CyberTips include Bermudez using additional Discord accounts to participate in sexually explicit conversations and at least on one occasion it appears that an unidentified minor victim ("Minor Victim A") sent an account registered to Bermudez a picture of her genitalia. In response to an image that Minor Victim A sent, Bermudez responded "shes pretty, like a little peach." Law enforcement assesses that Bermudez was responding to a picture of Minor Victim A's genitalia when he described it as a "little peach." The nature of the conversation between Bermudez and Minor Victim A indicate she is underage as Bermudez called her a "sweet girl," referenced her wearing "jammies," described her as a "little girl," and said she was "like [his] daughter," and asked her to call him "daddy." Based on my training and experience, I assess that this indicates Bermudez's likely belief that Minor Victim A is underage.

Like Bermudez, Brilhante also appears to continue to engage in the sexual exploitation of children. In or about September 6, 2024, a CyberTip indicated that a Snapchat account believed to be associated with him sent media that appeared to contain child pornography to an unidentified minor victim ("Minor Victim B") based on the date of birth provided by Snap. Law enforcement reviewed the media that Brilhante sent to Minor Victim B,

---

[3] NCMEC is a private, nonprofit entity dedicated to reducing and preventing the exploitation of children. Among its other functions, NCMEC serves as a clearinghouse and reporting center for issues relating to the exploitation, abuse, victimization, and abduction of children. In particular, NCMEC maintains a "CyberTipline," through which the public and electronic service providers—including certain internet, technology, and social-media companies—make reports concerning child exploitation offenses and other crimes against children.

which contained an image of an adult male penis. The CyberTip reported that the Snapchat account associated with Brilhante had a conversation that was sexual in nature with Minor Victim B in which he told her that it was "normal" for her to "eat cum" and that it is "something for [her] to swallow." Another CyberTip report from in or about April 3, 2025, stated in sum and substance and relevant part that Brilhante, using the online alias Knight, was previously engaged in child exploitation conduct and was currently "still up to [his] disgusting deeds."

Similarly, Rodriguez also appears to continue in the sexual exploitation of children. A CyberTip report from in or about April 3, 2025, stated in sum and substance and relevant part that Rodriguez, using the online alias oHare, is very active in child abuse communities on the internet. The tipster stated he/she was familiar with Rodriguez online and included a list of prior aliases for him such as oHare (and variations of that alias), "carroteater," "camdenboyrod," and others. The tipster named the Target Server and members of Greggy's Cult as being involved in the production of CSAM. The tipster stated that oHare was still engaged in extortion and pedophilia. The tipster indicated that oHare was known for selling bots and login information and was the developer of video game malware that infected over 3,000 victim computers within one hour of its release online. Based on the investigation, it appears that Rodriguez is responsible for the technical aspects of taking over victim's computers, including developing and sending malicious code, which was used to extort them or spamming other Discord servers with CSAM through the use of bots, which adds to his level of danger to the community. One minor victim interviewed during this investigation indicated that Rodriguez made money from computer hacking, both by taking over someone's computer and holding the computer ransom for cryptocurrency and by stealing account credentials and private information from people's computers.

In light of the above, the government submits that the Court should enter a permanent order of detention against the defendants.

### A.  The Defendants Present a Serious Risk of Flight

The Court should also enter a permanent order of detention because the defendants pose a significant risk of flight. The defendants' substantial sentencing exposure increases the incentive to flee and weighs heavily in favor of detention. The offenses with which the defendants are charged carry significant penalties. The child exploitation enterprise charge carries a statutory mandatory minimum of twenty years' imprisonment and a statutory maximum of life. 18 U.S.C. § 2252A(g). The sexual exploitation of children charges carry a statutory mandatory minimum of 15 years' imprisonment and a statutory maximum of life. 18 U.S.C. § 2252A(a)(2). The Second Circuit has held that the possibility of a severe sentence is an important factor in assessing flight risk. See United States v. Jackson, 823 F.2d 4, 7 (2d Cir. 1987); United States v. Cisneros, 328 F.3d 610, 618 (10th Cir. 2003) (defendant was a flight risk because her knowledge of the seriousness of the charges against her gave her a strong incentive to abscond); United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990) ("Facing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight.").

IV. <u>Conclusion</u>

   For the reasons set forth above, the defendants should be prevented from continuing to engage in such conduct on the internet victimizing children across the country. They pose a significant danger to the community if released pending trial, and no combination of bail conditions will ensure the safety of the community and the defendants' continued appearance before the Court.

       Respectfully submitted,

       JOSEPH NOCELLA, JR.
       United States Attorney

By:  /s/_____
       Antoinette N. Rangel
       Assistant U.S. Attorney
       (718) 254-7481


By:  /s/_____
       Gwendelynn Bills
       Trial Attorney
       Child Exploitation & Obscenity Section
       (202) 616-2572


cc:  Defense Counsel (by ECF)
   Clerk of Court (by ECF)