UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

UNITED STATES OF AMERICA

No. 25-CR-00361-PKC

– against –

DAVID BRILHANTE,

Defendant.
----------------------------------------------------X

### DEFENDANT'S MOTION TO DENY GOVERNMENT'S APPEAL OF ORDER GRANTING CONDITIONS OF RELEASE

PLEASE TAKE NOTICE that Defendant David Brilhante, by and through his counsel of record, respectfully moves this Court for an order denying the government's appeal of Magistrate Judge Berg's December 5, 2025, order granting conditions of pretrial release. The defense requests to proceed with a hearing on this motion at a date convenient for all parties, pursuant to the mandate of 18 U.S.C.§ 3145(a).

This motion is supported by this Notice of Motion; the attached Memorandum of Law; the files and records of this case; and such argument and further law and evidence as may be presented at the time of a hearing.

Respectfully submitted,

Dated: December 24, 2025

*s/ John C. Ellis, Jr.*
John C. Ellis, Jr.
Law Offices of John C. Ellis, Jr.
2495 Truxtun Road, Suite 206
San Diego, California 92106
Telephone: (619) 501-5522
Email: john@johnellislaw.com

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

UNITED STATES OF AMERICA

No. 25-CR-00361-PKC

– against –

DAVID BRILHANTE,

Defendant.

----------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DENY GOVERNMENT'S APPEAL OF ORDER GRANTING CONDITIONS OF RELEASE**

## I.    INTRODUCTION

David Brilhante is 28 years old. He has lived in San Diego, California his entire life. Mr. Brilhante has resided in the family home for nearly his entire life. He has a very tight-knit family: they are aware of the allegations and continue to support him. Mr. Brilhante's girlfriend and employer also remain supportive. These are factors that the magistrate court in the Southern District of California considered in rejecting the government's motion for detention. But the court also relied on unique issues impacting Mr. Brilhante. The court ultimately found that there are conditions of release that will reasonably assure Mr. Brilhante's appearance in court and maintain the safety of the community. Specifically, the court required the family home to be used to secure a $750,000 property bond and imposed several special conditions of pretrial release, including: a significant property bond, home detention, and no access to computers or internet. *See* SDCA Docket Entry ["DE"] DE 8 and 9, attached as Exhibits A and B. On December 10, 2025, the government appealed the order granting conditions of pretrial release. *See* EDNY DE 26. According to the government, detention is warranted, in part, based on the nature and

1

circumstances of the charged crimes and the weight of the evidence against Mr. Brilhante. *Id* at 6. For the reasons that follow, Mr. Brilhante respectfully requests that this Court impose the same conditions of release previously imposed by Magistrate Judge Berg.

## II.    Legal Standard

Even when an offense triggers a rebuttable presumption under 18 U.S.C. § 3142(e)(3), that presumption imposes only a limited burden of production on the defendant, not a burden of persuasion and it is not evidence in and of itself. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam). Once rebutted, the presumption does not mandate detention but remains only one factor among many in the § 3142(g) analysis. *United States v. Martir*, 782 F.2d 1141, 1144 (2d Cir. 1986). In presumption cases, the Government must still prove by a preponderance of the evidence that the defendant poses a risk of flight **and** that no condition or combination of conditions will reasonably assure his appearance at future proceedings. *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995). The Bail Reform Act permits detention only "in a case that involves" a "serious risk" that a person will flee. 18 U.S.C. § 3142(f)(2)(A) (emphasis added). This statutory language requires a judicial finding: one that is grounded in evidence specific to the defendant's history and characteristics or the circumstances of the offense that the case in fact involves such a serious risk. *United States v. Shakur*, 817 F.2d 189, 194–95 (2d Cir. 1987). Any doubts regarding the propriety of release must be resolved in the defendant's favor. *United States v. Chimurenga*, 760 F.2d at 405 (2d Cir. 1985).

By relying primarily on the nature of the charges, the Government improperly collapses this inquiry and disregards binding precedent requiring meaningful consideration of whether stringent conditions of release can reasonably assure appearance. *United States v. Sabhnani*, 493 F.3d 63, 75–78 (2d Cir. 2007). Because detention remains "the carefully limited exception," the

2

Government's approach contravenes both the Bail Reform Act and controlling precedent. *See, e.g., United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").

### III.    Argument

The Court should reject the government's appeal of the order granting bail because the government's arguments for detention are based largely on the conduct attributed to others charged in the indictment. The facts relating to Mr. Brilhante are draped in qualifiers and involve past investigations and anonymous reports. Such allegations deserve little weight, especially here where despite providing two rounds of discovery, the government has yet to provide any reports, witnesses statements, videos, etc. that substantiate the salacious allegations in its motion. Moreover, the Government bears the burden of demonstrating that Magistrate Judge Berg's release determination constitutes clear error. Absent such a showing, this Court should afford substantial deference to the magistrate's factual findings and credibility assessments made after conducting a full detention hearing. *See Ferranti*, 66 F.3d at 542; *Mercedes*, 254 F.3d 433 at 436.

The following factors demonstrate that Mr. Brilhante is neither a risk of flight nor a danger to the community. First, as to the nature and circumstances of the offense—§ 3142(g)(1)– the allegations in the indictment are serious. Despite the allegations, however, the magistrate judge found that detention was not warranted because conditions of release would ensure the safety of the community and that Mr. Brilhante would make future court appearances. Moreover, Mr. Brilhante's family continues to support him. *See* Exhibit C (Letter from David and Tannis Brilhante).

Second, the weight of the evidence—§ 3142(g)(2)–favors releasing Mr. Brilhante. The government has not provided counsel or the court with evidence substantiating any claims in the

3

indictment. As previously mentioned, the government has provided two rounds of discovery, none of which substantiate the claims in the indictment nor their appeal of the order granting conditions of pretrial release.

Third, Mr. Brilhante's history and characteristics are significant—§ 3142(g)(3). One, Mr. Brilhante maintains strong family ties. As his parents indicate in their letter to this Court, "[d]ue to his special needs, David has always relied on us for structure, guidance, and daily support. We respectfully submit that release to our custody will allow him to remain supervised, stable, and compliant while these charges are pending. We take this responsibility seriously and are committed to ensuring that the Court's trust is honored." Exhibit C at p. 2. As for his special needs, as his parents explain, "David has special needs that make consistent routines and familiar surroundings critically important to his functioning. He experiences significant anxiety in unfamiliar or chaotic environments and struggles with social interactions, sensory overstimulation, and unwritten social expectations. Abrupt disruptions to his routine cause him severe distress and difficulty coping." *Id.* at p. 1. Two, Mr. Brilhante has a strong record of employment. He has been employed since May 2023 and earns approximately $88,000 per year. Three, his family has financial resources to ensure that he can make all future court appearances. Four, he has lived in San Diego, California his entire life and very strong community ties. Five, he has no criminal history. Finally, he does not have a history of abusing alcohol or drugs.

Fourth, Mr. Brilhante is not a danger to the community—§ 3142(g)(4). The government's arguments that he is a danger based on potential online activities can be mitigated by the proposed conditions of release that include home detention and no access to the internet. Mr. Brilhante has no prior criminal history and the requested bond amount, in connection with the proposed conditions of release are sufficient to ensure that he will not be a danger to the

4

community.

Fifth, Mr. Brilhante proposes, amongst others, the following conditions of pretrial release, which are consistent with, though more stringent than the order of release filed by the Honorable Michael S. Berg on December 5, 2025:

(1)    Participate in the Location Monitoring Program and comply with its requirements as directed under the following component and technology: Home Detention. Restrict travel to and from San Diego County, California and the Eastern District of New York.

(2)    A $750,000 bond secured by a trust deed to the United States on real property approved by a federal judge.

(3)    Have no access to a computer, smartphone, or the internet.

(4)    Reside with a family member at a residence approved by Pretrial Services Office.

(5)    Surrender passport and not obtain a passport or other international travel document.

(6)    Submit to psychological/psychiatric treatment at Pretrial Services' discretion.

## IV.    CONCLUSION

The Government has not met its burden to justify a stay or reversal of the release order. Its appeal relies primarily on the seriousness of the charges and speculative assertions rather than evidence showing that Mr. Brilhante presents a serious risk of flight or danger that cannot be addressed through conditions of release. Magistrate Judge Berg conducted a full detention hearing and properly applied the § 3142(g) factors, concluding that strict conditions, including home detention, a substantial secured property bond, and a complete prohibition on internet access, will reasonably assure Mr. Brilhante 's appearance and the safety of the community. The Government identifies no clear error in that determination. Because detention is the exception and not the rule, and because the record supports release under stringent conditions, the Court should deny the

Government's request for a stay and impose the same conditions of release previously ordered in

the Southern District of California.

Respectfully submitted,

Dated: December 24, 2025

*s/ John C. Ellis, Jr.*
John C. Ellis, Jr.
Law Offices of John C. Ellis, Jr.
2495 Truxtun Road, Suite 206
San Diego, California 92106
Telephone: (619) 501-5522
Email: john@johnellislaw.com
Attorney for David Brilhante