

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EMR:ANR/GB
F. # 2025R00355

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 26, 2025

By E-mail and ECF

Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    United States v. Bermudez et al.
>        Criminal Docket No. 25-361 (PKC)

Dear Judge Chen:

The government respectfully submits this reply to the defendant's motion to deny the government's appeal of the order for the defendant's release. In addition, in response to the Court's December 17, 2025 Order, the government respectfully submits the information herein to clarify the procedural history and the defendant's status.

## I.    Procedural History and Status

On December 5, 2025, the Honorable Michael Berg, Magistrate Judge in the Central District of California ordered defendant David Brilhante released on conditions but expressly stayed his release until December 10, 2025. On December 9, 2025, a notice of intent to appeal was filed in the Southern District of California. 3:25-mj-06668, ECF No. 13. The government subsequently filed its appeal in this Court on December 10, 2025, consistent with the stay imposed by Magistrate Judge Berg. ECF No. 26 (attached hereto as Exhibit A and incorporated by reference).[1] At that time of the appeal, the defendant had not yet had a removal or identity hearing, which were scheduled for December 18, 2025.

On December 10, 2025 the Court inquired about the absence of Rule 5 papers, and the government promptly responded that no Rule 5 hearing had yet occurred. In the Court's December 17 Order, the Court identified an additional email from the same day to which the government never responded. This additional email from the Court was encrypted and, as a result,

---

[1] The government also filed a detention memorandum on December 2, 2025 the day of the defendant's arrest. ECF No. 14 (attached hereto as Exhibit B and incorporated by reference).

the assigned Assistant United States Attorney and Trial Attorney were unable to access it and erroneously believed that they had promptly responded to all of the Court's inquiries. The government apologizes to the Court for this oversight and has addressed the issue to receive encrypted emails moving forward.

On December 11, 2025 defense counsel contacted the government seeking consent to file a motion to strike the assignment of the case to a Southern District of California district judge, asserting that jurisdiction over the appeal lay solely with this Court. That motion was never filed because an Assistant United States Attorney in the Southern District of California contacted the Court to resolve the issue ahead of formal motion practice. On that same day, the government was also advised by Assistant United States Attorneys in the Southern District of California that local district practice provides that, once a detention appeal is filed, the defendant's release is stayed automatically without the need for an additional order.

On December 15, 2025 defense counsel informed the Southern District of California that the defense would waive identity at the upcoming hearing. That same day, defense counsel informed the Southern District of California Assistant United States Attorneys that counsel intended to ask the Magistrate Judge in the Southern District of California to set a hearing and request release of the defendant pending resolution of technical issues with the proposed bond. Neither Assistant United States Attorney Rangel nor Trial Attorney Bills were included on these communications. On December 16, 2025 the Court inquired about the status of the defendant and whether the government sought a hearing on the pending detention appeal. Defense counsel responded that, because the defendant had not yet had an identity hearing, the government could not request a hearing on the appeal; the government confirmed this understanding.

Later, on December 17, 2025 the Southern District of California set a bond hearing for December 18. It was only at that time that the government learned of defense counsel's intention to renew the release request in the Southern District of California. The government then inquired with the Court about the status of the government's motion requesting a stay. On December 18, the Court granted the government's request for a stay.

At all times, the defendant has remained in custody and is presently pending transfer to the Eastern District of New York. As a result, the government respectfully submits that it did not delay its appeal. Instead, the government filed the instant appeal within the window created by the Magistrate Judge Berg's stay and in light of the ongoing Rule 5 proceedings and potential identity hearing.

II.    Argument

For the reasons set forth in the government's December 2, 2025 detention memorandum (ECF No. 14), in the government's December 10, 2025 appeal (ECF No. 26), and as set forth below, the Court should deny the defendant's motion and grant the government's appeal of the defendant's release. At the outset, the defendant confuses the standard of review this Court must apply. The defendant claims that the magistrate judge's decision is reviewed for clear error. ECF No. 43 at 3. But that is the standard of appellate review. See United States v. Mercedes, 254 F.3d 433, 435 (2d Cir. 2001) (noting that the court of appeals "review[s] the district court's decision granting release on bail pending appeal for clear error."). This Court, on the other hand,

2

must conduct a de novo review and reach an independent decision. See United States v. Dominguez, 509 F. App'x 28, 30 (2d Cir. 2013); United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985) ("[A] district court should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate, but reach its own independent conclusion."). Such a de novo review here demonstrates that no condition or combination of conditions can assure the safety of the community and the defendant's appearance at future proceedings.

In conducting the Court's review of the defendant's detention, "[i]t is well established in this circuit that proffers are permissible both in the bail determination and bail revocation contexts." United States v. LaFontaine, 210 F.3d 125, 131 (2d Cir. 2000). The evidence in this case is both reliable and overwhelming. The government has proffered substantial evidence that came from searches of digital devices, witness and victim interviews, review of financial and email account records, and reports to the National Center for Missing and Exploited Children ("NCMEC").[2] The NCMEC reports encompass information provided by anonymous tipsters, but also includes records provided by Snapchat that show the defendant's ongoing sexual exploitation of children as recently as August 2024 and April 2025. See Exhibit B at 5-6. Finally, the defendant's conduct underlying the indictment, as proffered by the government, is captured in videos of the defendant and his co-conspirators during which they caused the production of child pornography of several minor victims. The videos proffered by the government are based on the government's review of the recordings of the sexual exploitations of these minor victims. Accordingly, the Court can and should rely on the government's proffer in reviewing this detention appeal.

On the merits, contrary to the defendant's claim, the government's case for detention rests on the defendant's own egregious conduct, including identifying and grooming new victims for members of Greggy's Cult to sexually exploit. ECF No. 43 at 2. Once the defendant or other members of Greggy's Cult had identified victims, the defendant exploited them directly and through others, including attempts to get minor victims to insert household objects into their genitalia.

Finally, the defendant notes that his history and characteristics – specifically his special needs – warrant release. However, the pretrial services report from the Southern District of California noted that the defendant has "not had any treatment or medication for behavioral health needs since he was a child." The defendant has not identified any medical condition that is so extraordinary that would render the Metropolitan Detention Center incapable of meeting any needs he might have and absent any additional information regarding such condition consideration of that condition is wholly premature.

---

[2] The defendant argues that the discovery materials produced by the government do not support the government's case. However, the discovery produced to date includes a limited set of materials provided for the sole purpose of addressing the identity hearing in the Southern District of California. Rule 16 discovery will be provided to defense counsel and/or made available for review at a government facility pursuant to 18 U.S.C. § 3509(m) in a timely manner.

III.    Conclusion

For the reasons set forth above, the defendant should be prevented from continuing to engage in such conduct on the internet victimizing children across the country. The defendant poses both a danger to the community if released pending trial, and no combination of bail conditions will ensure the safety of the community and the defendant's continued appearance before the Court.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney


By:    /s/_____
Antoinette N. Rangel
Assistant U.S. Attorney
(718) 254-7481


By:    /s/_____
Gwendelynn Bills
Trial Attorney
Child Exploitation & Obscenity Section
(202) 616-2572


cc:    Defense Counsel (by E-mail)
Clerk of Court (by ECF)

4